**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JACQUELINE MARIE MARSHICK,**

    **Plaintiff,**

v.                                                                                          Case No: 5:14-cv-498-Oc-22PRL

**JOHNSON & JOHNSON, JANSSEN**
**PHARMACEUTICALS, INC. and**
**JANSSEN RESEARCH &**
**DEVELOPMENT, LLC**

    **Defendants.**

## ORDER

Before the Court is *pro se* Plaintiff's second motion for an extension of time to file a notice of appeal. (Doc. 62). Judgment was entered against Plaintiff on December 14, 2015. (Doc. 56). Then, Plaintiff timely filed her first motion for an extension on January 11, 2016. (Doc. 60). Based on Plaintiff's need to obtain proper legal representation, the Court extended the deadline to file a notice of appeal to February 12, 2016, which was sixty days after judgement was entered against her. Then, on February 12, 2016, Plaintiff filed the instant motion and, based on her ongoing need to obtain counsel, she requests a four month extension.

Under the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after the entry of the judgment appealed from. Fed. R. App. P. 4(a)(1)(A). This requirement is jurisdictional and mandatory. 28 U.S.C. § 2107(a) ("[N]o appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."); *Bowles v. Russell*, 551 U.S. 205, 208–09 (2007).

A court may only extend the time to file a notice of appeal in a civil case under Fed. R. App. P. 4(a)(5)(A) if: (1) a party moves for an extension within sixty days of the judgment to be appealed; and (2) the moving party shows excusable neglect or good cause. *Leonard v. Holmes*, 335 F. App'x 896, 897 (11th Cir. 2009). Here, Plaintiff filed the instant motion within sixty days of the judgment she seeks to appeal. Further, Plaintiff has demonstrated excusable neglect for her own failure to file a notice of appeal.[1]

When considering whether a movant has demonstrated excusable neglect, the factors courts consider include (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, and (3) the reason for the delay. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir. 1996) ("We hold that *Pioneer* does apply to determinations of excusable neglect within the meaning of Rule 4(a)(5)."). Here, a further extension will cause the non-movants little prejudice as Defendants are already on notice that Plaintiff intends to appeal the judgment against her.[2] *Rollins v. Reed*, No. 1:08CV33-MHT, 2010 WL 2487944, at *3 (M.D. Ala. June 17, 2010). Also, Plaintiff's reason for the delay is that she is *pro se* and is requesting the extension to obtain counsel. Finally, despite Plaintiff's request of four months, this Court can only grant a fourteen day extension because Fed. R. App. P. 4(a)(5)(C) provides that "[n]o

---

[1] The 2002 Advisory Committee Notes make clear that where the movant's "need for an extension is . . . occasioned by something within the control of the movant" and the movant is at fault the excusable neglect standard applies. Fed. R. App. P. 4 ("The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.").

[2] Plaintiff has certified that she mailed copies of both of her motions to extend time to counsel for the Defendants. (Doc. 60, 62).

- 3 -

extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."

Thus, Plaintiff's motion is **GRANTED** and she has until on or before **March 7, 2016** to file a notice of appeal, which is fourteen days after this order is entered. She is advised that this extension constitutes the maximum amount of time the court may grant her under Fed. R. App. P. 4(a)(5). Further, Plaintiff is advised that although she is currently seeking counsel, the filing of a notice of appeal under Fed. R. App. P. 3(c) only requires that she "(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ; (B) designate the judgment . . . being appealed; and (C) name the court to which the appeal is taken." *See also* http://www.flmd.uscourts.gov/pro_se/docs/FLMD_ProSe_Handbook.pdf.

**DONE** and **ORDERED** in Ocala, Florida on February 22, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties