# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JACQUELINE MARIE MARSHICK,**

    Plaintiff,

v.                                                          Case No: 5:14-cv-498-Oc-22PRL

**JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC. and JANSSEN RESEARCH & DEVELOPMENT, LLC**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court are *pro se* Plaintiff's motions to proceed *in forma paurperis* on appeal. (Docs. 67, 69, 70). For the reasons set forth herein, I recommend that her motions be denied.

### I. BACKGROUND

Plaintiff filed this action on July 7, 2011 and paid the initial filing fee. (Doc. 1). In her complaint, she asserted that ingestion of the drug Levaquin caused her tendon tear injury. On January 11, 2015, the Court granted Defendants' motion for summary judgment based on Plaintiff's failure to provide evidence, via expert testimony, that Levaquin ingestion caused her injury. (Doc. 55). Then, after her case was closed, Plaintiff filed her notice of appeal on March

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

9, 2016.  (Doc. 61, 64, 65).   Plaintiff now seeks to pursue her appeal without paying the filing fee.

Plaintiff filed her first motion to proceed *in forma paurperis* on appeal on April 29, 2016. (Doc. 67).  I deferred ruling on that motion and afforded her an opportunity to file a new affidavit as she had failed to comply with Federal Rule of Appellate Procedure 24.  Specifically, I noted that "although it appears that Plaintiff is indigent, her affidavit fails to state (1) the issues she wishes to raise on appeal and (2) any claim for redress" as required by Rue 24.  (Doc. 68, p. 2). Plaintiff has now filed a renewed motion to proceed *in forma paurperis* on appeal (Doc. 70), along with what is titled as a motion for reconsideration of her first *in forma pauperis* motion (Doc. 69).

## II.   LEGAL STANDARD

Under Federal Rule of Appellate Procedure 24, a motion to proceed *in forma pauperis* on appeal must be filed in the district court and must have an attached affidavit that (1) shows the party's inability to pay, (2) claims an entitlement to redress, and (3) states the issues that the party intends to present on appeal.  Fed. R. App. P. 24(a)(1).  An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if she declares in an affidavit that she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  However, before a plaintiff is permitted to proceed *in forma pauperis* on appeal, the Court is obligated to ensure the appeal is being taken in "good faith."  28 U.S.C. § 1915(a)(3).

"Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard."  *United States v. Terry*, No. 8:97-CR-273-T-23TBM, 2016 WL 406863, at *2, n.1 (M.D. Fla. Jan. 6, 2016), *report and recommendation adopted*, No. 8:97-CR-273-T-23TBM, 2016 WL 398160 (M.D. Fla. Feb. 2, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).  "An issue is frivolous if it is without arguable merit either in

law or fact." *Miller v. City of Atl. Beach*, No. 3:15-CV-209-J-34PDB, 2015 WL 7731472, at *5 (M.D. Fla. Nov. 4, 2015), *report and recommendation adopted*, No. 3:15-CV-209-J-34PDB, 2015 WL 7721278 (M.D. Fla. Nov. 30, 2015). In this context, a claim "'capable of being convincingly argued'" is considered "arguable." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990)).

### III. DISCUSSION

As noted above, Plaintiff is proceeding *pro se* in this action. Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

As an initial matter, despite this Court's previous advisement that under Fed. R. App. P. 24 Plaintiff's affidavit must state a claim for redress and the issues she wishes to raise on appeal (Doc. 68), Plaintiff has still failed to do so. Indeed, instead of stating what legal or factual issues she wishes to challenge on appeal, her motions merely contain claims that the drug Levaquin has caused her injury; her former lawyer abandoned her without notice, resulting in the loss of the benefit of her expert witness and the denial of her own case records; and that she requests Court appointed counsel. (Doc. 69). In essence, Plaintiff's motion to proceed *in forma pauperis* on appeal is simply a request to have one more chance to provide evidence that Levaquin caused her injuries and she explains that "if [she] still had her original attorney, Mikal Watts, [her] expert witness would have been provided." (Doc. 69, pp. 2–3). Because Plaintiff's subsequent filings fail to state what legal or factual issues she intends to raise in this appeal (Docs. 69, 70), she has failed to satisfy Rule 24.

Further, Plaintiff has failed to show that her appeal is taken in good faith. This Court granted summary judgment against Plaintiff because she had failed to provide any evidence, via expert testimony, that Levaquin caused her tendon injury. (Doc. 55). Plaintiff fails to state that the grant of summary judgment was erroneous in any way, or that she was somehow improperly denied an opportunity to provide an expert witness. Further, as set forth in the order on summary judgment, the Court has already explained how Plaintiff was not entitled to a deferment allowing her additional time to obtain an expert witness. (Doc. 55, pp. 7–9). Indeed, because the Plaintiff was advised that she could not create an issue of fact as to causation without the testimony of an expert and, despite that, failed to provide such evidence, she has no good faith basis to appeal. Thus, I submit that the appeal is not taken in good faith.

Finally, to the extent Plaintiff seeks the appointment of counsel, that request is due to be denied. The "[a]ppointment of counsel in a civil case is a privilege requiring exceptional circumstances, such as the presence of facts and legal issues so novel or complex they require the assistance of a trained practitioner." *McKissick v. Comm'r, Georgia Dep't of Corr.*, 587 F. App'x 567, 573 (11th Cir. 2014) *cert. denied sub nom. McKissick v. Deal*, 135 S. Ct. 1849 (2015). In determining whether "exceptional circumstances" exists, courts consider the following: "(1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position adequately to investigate his case; and (4) whether the evidence will consist in large part of conflicting testimony requiring skill in the presentation of evidence and in cross-examination." *Id.* Here, the application to proceed *in forma pauperis* is, of course, not complex and Plaintiff has proven an ability to communicate with the Court.

### IV. RECOMMENDATION

Accordingly, it is **RECOMMENDED** that Plaintiff's motions for leave to proceed *in forma pauperis* on appeal (Docs. 67, 69, 70) be **DENIED**.  It is further **RECOMMENDED** that the Clerk be directed to notify the Court of Appeals in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure in the event Plaintiff's motions are denied.   Lastly, Plaintiff's request for counsel is also due to be **DENIED**.

**RECOMMENDED** in Ocala, Florida on June 7, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy